Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| GASPAR GUZMÁN ORTIZ<br><br>Apelante<br><br>v.<br><br>THE FULLER BRUSH CO. OF PUERTO RICO (INDUSTRIAL DIVISION), INC. H/N/C ANTILLES SERVICES; SU ASEGURADORA ABC Y FULANO DE TAL<br><br>Apelada | TA2025AP00691 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2024CV02269<br><br>Sobre: Despido Injustificado; trámite sumario Ley 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 a 3132. |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 12 de enero de 2026.

Comparece el apelante, Gaspar Guzmán Ortiz, mediante el recurso de apelación de epígrafe y nos solicita que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 24 de noviembre de 2025. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Solicitud de Sentencia Sumaria* instada por la parte apelada, Antilles Cleaning Services, Inc., por lo que desestimó con perjuicio la *Querella* de epígrafe.

Por los fundamentos que se exponen a continuación, se desestima el recurso de apelación ante nos por falta de jurisdicción. Ello, debido a que fue presentado fuera del término jurisdiccional de diez (10) días contemplado en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* Veamos.

# I

El 7 de marzo de 2024, Gaspar Guzmán Ortiz (Guzmán Ortiz o el apelante) presentó una *Querella* sobre despido injustificado, al amparo de la *Ley de indemnización por despido sin justa causa,* Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*, en contra de The Fuller Brush Company of Puerto Rico (Industrial Division), Inc. h/n/c Antilles Cleaning Services, Inc. (Antilles o parte apelada).[1] La referida causa de acción fue instada al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

Luego de varias incidencias procesales, el 22 de septiembre de 2025 el foro primario dio por concluido el descubrimiento de prueba y le indicó a las partes que la fecha límite para presentar mociones dispositivas lo sería el 30 de octubre del mismo año.[2] De conformidad con lo anterior, el 30 de octubre de 2025, Antilles presentó una *Solicitud de Sentencia Sumaria.*[3] Por su parte, el 21 de noviembre de 2025, el apelante presentó una *Oposición [a] Solicitud de Sentencia Sumaria.*[4]

Luego de evaluar las posturas de las partes, el 24 de noviembre de 2025, el foro primario emitió y notificó la *Sentencia* apelada.[5] En síntesis, en virtud del referido dictamen, el foro *a quo* declaró Ha Lugar la *Solicitud de Sentencia Sumaria* instada por Antilles, por lo que desestimó con perjuicio la *Querella* de epígrafe.

---

[1] Entrada núm. 1 del caso núm. SJ2024CV02269 del SUMAC. Véase, además, la *Sentencia Parcial* emitida el 31 de julio de 2024 y notificada el 2 de agosto del mismo año, mediante la cual el foro primario desestimó con perjuicio la causa de acción instada en contra de The Fuller Brush Company of Puerto Rico (Industrial Division), Inc. En virtud del referido dictamen parcial, el foro *a quo* hizo constar lo siguiente: "Las partes han aclarado que el nombre correcto del patrono en este caso es Antilles Cleaning Services, Inc.". Entrada núm. 9 del caso núm. SJ2024CV02269 del SUMAC.

[2] Entrada núm. 43 del caso núm. SJ2024CV02269 del SUMAC.

[3] Entrada núm. 44 del caso núm. SJ2024CV02269 del SUMAC.

[4] Entrada núm. 46 del caso núm. SJ2024CV02269 del SUMAC.

[5] Entrada núm. 47 del caso núm. SJ2024CV02269 del SUMAC.

En desacuerdo, el 18 de diciembre de 2025, Guzmán Ortiz acudió ante nos mediante el recurso de epígrafe. Como único señalamiento de error, adujo que el foro *a quo* erró al "dictar sentencia sumaria en las circunstancias de este caso".

Evaluado lo anterior, el 19 de diciembre de 2025 emitimos una *Resolución* que fue notificada el día 22 del mismo mes y año. En virtud de esta, le ordenamos a la parte apelada presentar su alegato, dentro del término de treinta (30) días contemplado en la Regla 22 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 45-46, 215 DPR ___ (2025).

En cumplimiento con nuestra orden, el 26 de diciembre de 2025, la parte apelada presentó un escrito que tituló *Moción de Desestimación de Recurso de Apelación*. Esencialmente, adujo que este foro apelativo intermedio carece de jurisdicción para adjudicar en los méritos el recurso de epígrafe, debido a que Guzmán Ortiz lo presentó cuando ya había transcurrido el término jurisdiccional de diez (10) días contemplado en la Ley Núm. 2, *supra*. En consecuencia, solicitó la desestimación del recurso.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia.

*Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo […]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

**III**

En la *Moción de Desestimación de Recurso de Apelación* instada, la parte apelada aduce que carecemos de jurisdicción para adjudicar el recurso de epígrafe en los méritos. Ello, debido a que el apelante lo presentó luego de transcurrido el término jurisdiccional de diez (10) días que se contempla en la Ley Núm. 2, *supra,* para apelar las sentencias que emita el foro primario en los casos instados de conformidad con el procedimiento sumario laboral codificado en el referido estatuto. Tiene razón.

El texto claro de la sección 9 de la Ley Núm. 2, 32 LPRA sec. 3127, dispone, en lo pertinente, lo siguiente:

Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el **término jurisdiccional de diez (10) días**, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia. (Negrillas suplidas).

En el caso de epígrafe, el foro *a quo* emitió y notificó la *Sentencia* el **24 de noviembre de 2025**, lo cual, de conformidad con la citada disposición, implica que Guzmán Ortiz tenía hasta el **4 de diciembre de 2025** para instar un recurso de apelación ante este Foro. No obstante, el apelante instó el recurso de epígrafe el **18 de diciembre de 2025**. Así las cosas, llama a nuestra atención el hecho de que el apelante presentó el recurso ante nos en el día 24 del término de diez (10) días, con el que contaba. De este modo, precisa enfatizar también que el referido término contemplado en la sección 9 de la Ley Núm. 2, *supra*, es de naturaleza jurisdiccional. Es decir, que no admite supuestos de prórroga. En consecuencia, y en mérito de lo anterior, procede la desestimación del recurso de epígrafe, debido a que carecemos de jurisdicción para dilucidarlo en los méritos.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso de apelación de epígrafe, por falta de jurisdicción. Ello, toda vez que este fue presentado cuando ya había transcurrido el término jurisdiccional de diez (10) días contemplado en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones